T.C. Memo. 2017-240

UNITED STATES TAX COURT

DONALD J. PLANTY AND MIRIAM ALVAREZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25457-13.                    Filed December 5, 2017.

Donald J. Planty and Miriam Alvarez, pro sese.

<u>William J. Gregg</u> and <u>Michele A. Yates</u>, for respondent.


        <u>Held</u>:  Ps were not subjected to an impermissible second
examination for the tax year in question.

        <u>Held</u>, <u>further</u>, the accuracy-related penalty under I.R.C. sec.
6662(a) is sustained.

**[*2]** MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge: Respondent has determined a deficiency in petitioners' 2010 Federal income tax of $53,551 and an accuracy-related penalty of $10,710. The parties have settled all issues except for the penalty and whether petitioners were subjected to an impermissible second examination for 2010.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for 2010, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar. Petitioners bear the burden of proof. See Rule 142(a).

## FINDINGS OF FACT

Petitioners resided in Virginia when they filed the petition.

Petitioners timely made a joint return of income tax on Form 1040, U.S. Individual Tax Return, for their 2010 taxable (calendar) year. Petitioners reported tax due of $9,254. Respondent chose the return for examination, and, on August 9, 2011, he sent petitioners an examination report showing an amount due for additional tax, penalties, and interest of $11,403. On August 15, 2011, respondent sent petitioners a revised examination report showing an overpayment of $2,017.

[*3] On January 4, 2012, respondent sent petitioners a second revised examination report showing an amount due of $2,518. By notice dated May 7, 2012, respondent notified petitioners of an increase in tax of $2,755 and a balance due of $2,103 after taking into account an increase in a credit as well as additional interest. Respondent assessed the $2,755 increase in tax on that same day. On May 25, 2012, petitioners submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010, reporting a $4,091 increase in tax but, on account of additional withholding and a refundable credit, claiming an overpayment and refund due of $1,560. The Form 1040X, like the Form 1040, claimed a deduction for substantial real estate losses ($147,135 on the Form 1040X and $147,136 on the Form 1040). On September 5, 2012, respondent informed petitioners by letter that he had accepted the examination report that, previously, he had given to them (it is unclear to which report respondent is referring) and that he did not plan to make any additional changes to their 2010 return. Respondent did, however, treat the Form 1040X as petitioners' request for audit reconsideration, and he reconsidered the result of his prior examinations, determining not only that petitioners were not entitled to any refund but that they owed additional tax. In part, respondent's determination that petitioners owed additional tax was due to his disallowance of petitioners' $147,135 deduction for real estate losses. Respondent

[*4] disallowed the deduction because of the passive activity loss rules found in section 469.  On July 31, 2013, respondent mailed petitioners notice of the deficiency here in question, showing a corrected tax liability of $64,704 and including an adjustment disallowing the $147,135 deduction.  Petitioners concede that the adjustment is correct.

The notice also informs petitioners that respondent's grounds for determining an accuracy-related penalty include both their negligence and their substantial understatement of income tax.

OPINION

I.     No Impermissible Second Examination Was Conducted.

We may deal summarily with petitioners' claim that they were subjected to an impermissible second examination of their 2010 return.  Section 7605(b) provides:

> SEC. 7605(b).  Restrictions on Examination of Taxpayer.--No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

Respondent examined petitioners' 2010 Form 1040 and, after a few false starts, completed his examination, issued a final report, and, with petitioners'

**[*5]** agreement, assessed additional tax of $2,755 on May 7, 2012. Thereafter, petitioners filed the Form 1040X, showing an overpayment of 2010 tax and requesting a $1,560 refund. Respondent did not accept the Form 1040X as an amended return but treated it as a request for audit reconsideration, and, upon completing that reconsideration, he determined not only that petitioners were entitled to no refund but that they had underpaid their 2010 tax. As respondent points out:

> "It is well settled that section [sec. 7605] has no bearing upon the Commissioner's authority to examine tax returns already in his possession." Pleasanton Gravel Co. v. Commissioner, 64 T.C. 510, 528 (1975), aff'd per curiam, 578 F.2d 827 (9th Cir. 1978). The section prohibiting unnecessary examinations and a second inspection of a taxpayer's books and records without proper notice (sec. 7605(b)), was enacted "to prevent abusive and unnecessary inspections of a taxpayer's books and records by the tax collector." Benjamin v. Commissioner, 66 T.C. 1084, 1098 (1976), aff'd, 592 F.2d 1259 (5th Cir. 1979).

Indeed, petitioners have presented no evidence that, in reconsidering his prior examination, respondent inspected petitioners' books and records. Nor can petitioners plausibly claim that an examination of the items reported on the Form 1040X was not necessary to evaluate their overpayment claim. Respondent's examination undertaken in response to the Form 1040X did not run afoul of

**[*6]** section 7605(b).  See Jackson v. Commissioner, T.C. Memo. 1982-556, 44 T.C.M. (CCH) 1213, 1218-1219 (1982).

II.    Petitioners Are Liable for an Accuracy-Related Penalty.

   A.    Introduction

Section 6662(a) and (b)(1) and (2) provides for an accuracy-related penalty of 20% of the portion of any underpayment of tax attributable to (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax.  Because only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, see sec. 1.6662-2(c), Income Tax Regs., and because we find that petitioners' 2010 underpayment is attributable to a substantial understatement of income tax, we need not consider whether petitioners were negligent or disregarded rules or regulations.

The term "understatement" means the excess of the amount of the tax required to be shown on the return for the taxable year over the amount of the tax imposed which is shown on the return, reduced by any rebate.  Sec. 6662(d)(2)(A). A substantial understatement of income tax exists for an individual if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  Although petitioners reported on the Form 1040X an increase in tax of $4,091, because the form was submitted after

**[\*7]** respondent's examination of their 2010 tax return commenced, it is not a "qualified amended return", see sec. 1.6664-2(c)(3), Income Tax Regs., and, for that reason, we disregard it in determining both their understatement of income tax, see sec. 1.6662-4(b)(4), Income Tax Regs., and their underpayment of the tax, see sec. 1.6664-2(c)(2), Income Tax Regs.

The amount of an understatement is reduced by that portion of the understatement attributable to the tax treatment of any item (1) supported by substantial authority or (2) for which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return and there is a reasonable basis for the tax treatment of that item. Sec. 6662(d)(2)(B). Adequate disclosure has no effect, therefore, where the return position lacks a reasonable basis. Sec. 1.6662-4(e)(2)(i), Income Tax Regs. Reasonable basis is "relatively high standard of tax reporting" and is "not satisfied by a return position that is merely arguable or that is merely a colorable claim." Sec. 1.6662-3(b)(3), Income Tax Regs.

Section 6664(c)(1) provides that an accuracy-related penalty shall not be imposed with respect to any portion of an underpayment if the taxpayer shows that there was reasonable cause for, and that he acted in good faith with respect to, that portion.

**[\*8]**  The determination of whether a taxpayer acted with reasonable cause
and in good faith is made on a case-by-case basis, taking into account
all pertinent facts and circumstances.  * * *  Circumstances that may
indicate reasonable cause and good faith include an honest
misunderstanding of * * * law that is reasonable in light of all of the
facts and circumstances, including the experience, knowledge, and
education of the taxpayer.  * * *

Sec. 1.6664-4(b)(1), Income Tax Regs.

The Commissioner bears the burden of production to come forward with evidence that imposition of the penalty is appropriate.  See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); Justine v. Commissioner, T.C. Memo. 2017-198, at \*17.  Once the Commissioner has carried his burden of production, he "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions.  * * *  [T]he taxpayer bears the burden of proof with regard to those issues."  Higbee v. Commissioner, 116 T.C. at 446.

Because of concessions by respondent reflected in the record, we will redetermine a deficiency in petitioners' 2010 income tax somewhat less than the $53,551 determined by respondent.  Nevertheless, we are confident that, because petitioners have conceded the remainder of respondent's adjustments to their reported income, including respondent's disallowance of their $147,135 deduction for real estate losses, petitioners' 2010 understatement of income tax exceeds the greater of 10% of the tax required to be shown on their 2010 return or $5,000.

**[*9]** Thus, but for any defense based on substantial authority, disclosure and a reasonable basis, or reasonable cause that petitioners may prove, respondent has shown that imposition of an accuracy-related penalty based on petitioners' substantial understatement of income tax is appropriate. Respondent has borne his burden of production.

B. <u>Substantial Authority</u>

As discussed above, we must reduce petitioners' understatement of income tax for any portion of the understatement attributable to the tax treatment of an item for which petitioners can show substantial authority. Sec. 6662(d)(2)(B)(i). "There is substantial authority for the tax treatment of an item only if the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary treatment." Sec. 1.6662-4(d)(3)(i), Income Tax Regs. The substantial authority standard is an objective standard, and the taxpayer's belief that there is substantial authority for the tax treatment of an item is not relevant in determining whether there is substantial authority for that treatment. <u>Id.</u> Section 1.6662-4(d)(3)(iii), Income Tax Regs., describes the types of authority that constitute substantial authority. In pertinent part, it provides: "[L]egal opinions or opinions rendered by tax professionals are not authority. The authorities underlying such expressions of opinion where applicable to the facts of

**[*10]** a particular case, however, may give rise to substantial authority for the tax treatment of an item."

The principal driver of petitioners' understatement of income tax is their erroneous $147,135 deduction for real estate losses. Respondent disallowed the loss deduction because of the passive activity loss rules found in section 469. Those rules prohibit using passive losses to offset earned or ordinary income. Petitioners argue that they have substantial authority for the reported loss in the form of advice received from Hortencia Torres, a tax attorney who advised them to file the Form 1040X, and because respondent's initial examinations of their return did not raise the loss as an issue. Petitioners did not call Ms. Torres as a witness, and we have no idea on what authorities she relied. Without such evidence, whatever advice or opinion she gave to petitioners is not substantial authority.

Nor does respondent's initial inaction constitute substantial authority. The regulations specifically provide that the possibility that an item will not be raised on audit, or that there will be no audit, is not relevant in determining whether there is substantial authority. Id. subpara. (2). Petitioners' reliance on respondent's agents' failures to disallow their real estate loss deduction until after respondent treated the Form 1040X as a request for audit reconsideration does not constitute substantial authority. See Wilkinson v. Commissioner, T.C. Memo. 1996-39.

[*11] Because petitioners have failed to show substantial authority for their erroneous deduction of real estate losses, or for any other adjusted item not conceded by respondent, we do not on account of section 6662(d)(2)(B)(i) reduce petitioners' understatement of their 2010 income tax.

### C.    Adequate Disclosure and Reasonable Basis

We also must reduce petitioners' understatement of income tax for any portion of the understatement attributable to an item if the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return and there is a reasonable basis for the tax treatment of that item.  Sec. 6662(d)(2)(B)(ii).  Adequate disclosure has no effect, however, where the return position lacks a reasonable basis.  Sec. 1.6662-4(e)(2)(i), Income Tax Regs.  Reasonable basis is a "relatively high standard of tax reporting" and is "not satisfied by a return position that is merely arguable or that is merely a colorable claim."  Sec. 1.6662-3(b)(3), Income Tax Regs.  A return position reasonably based on the authorities that would satisfy the substantial authority standard generally will satisfy the reasonable basis standard.  See id.  Petitioners claim they had a reasonable basis for claiming a $147,135 deduction for real estate losses because of advice they received from Ms. Torres.  Without some understanding of the facts Ms. Torres relied on and the advice she gave petitioners, we must

[*12] conclude that petitioners have failed to show a reasonable basis for their return position.  Because petitioners have failed to show a reasonable basis for their deduction of their real estate losses, or for any other adjusted item not conceded by respondent, we do not on account of section 6662(d)(2)(B)(ii) reduce petitioners' understatement of their 2010 income tax.

D.    Reasonable Cause and Good Faith

We have determined that a section 6662(a) accuracy-related penalty may be appropriate because petitioners substantially understated their income tax on their 2010 Form 1040.  The penalty will be 20% of petitioners' underpayment of their 2010 tax except for any portion of that underpayment for which petitioners can show reasonable cause and in regard to which they acted in good faith.  See secs. 6662(a), 6664(c).  Petitioners argue that they "acted with reasonable cause and in good faith in submitting the original 2010 return, the 2012 amended return [Form 1040X] and throughout this four-year process."  Our focus is on the 2010 Form 1040.  As discussed supra section II.A., the Form 1040X was not a qualified amended return and does not figure in determining petitioners' underpayment of tax.

Reliance on professional advice may constitute reasonable cause and good faith if, under all the circumstances, such advice was reasonable and the taxpayer

**[\*13]** acted in good faith.  Sec. 1.6664-4(b)(1), Income Tax Regs.  To establish reasonable cause and their good faith, petitioners again argue that they relied on Ms. Torres' advice.  Ms. Torres, however, did not prepare the Form 1040.  Petitioner husband testified that the Form 1040 "was prepared by * * * [a] tax consultant we used at the time, Ms. Erica Ranthum, and her specialty is not--I guess, it's not strictly speaking tax law."  Petitioners have failed to show that they received reasonable advice from Ms. Ranthum with respect to their reporting on their Form 1040 the real estate losses or any of the other items adjusted by respondent.  Petitioners have failed with respect to any portion of their underpayment of their 2010 income tax to show reasonable cause and that they acted in good faith.

    E.    <u>Conclusion</u>

Subject to adjustments to reflect concessions, we sustain respondent's determination of a section 6662(a) accuracy-related penalty.

<u>Decision will be entered</u>

<u>under Rule 155</u>.